# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

        *Plaintiff*,

v.

**JOSHUA RASHAD BROWN**,

        *Defendant*.

CAUSE NO. 3:21-CR-88-CWR-LGI

## ORDER

Before the Court is Defendant Joshua Rashad Brown's *Motion for Compassionate Release*. Docket No. 25. The matter is fully briefed and ready for adjudication. For the following reasons, Brown's motion is denied.

**I.      Facts and Procedural History**

On September 24, 2021, Brown pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Docket No. 17. On January 11, 2022, this Court sentenced Brown to 120 months in prison and five years of supervised release. Docket No. 24. Brown is currently serving his sentence at Federal Correctional Complex Yazoo City ("FCC Yazoo") and is scheduled to be released on February 11, 2030. He will become eligible for home detention on August 11, 2029.

Having served approximately 11% of his total sentence, Brown filed this present motion *pro se* seven months after sentencing. Docket No. 25. Pursuant to 18 U.S.C. § 3582, and because of risks associated with COVID-19, Brown seeks to reduce his 120-month sentence to "[t]ime served and add the remaining time of his sentence to the period of supervised release that [he] has been sentenced to." *Id*. at 14. Brown points to his positive conduct while in prison, including his enrollment in recidivism-reducing programs and self-help improvement courses such as Alcoholics Anonymous and Narcotics Anonymous. *Id*. at 1. The United States opposes Brown's motion, asserting that, as of August 29, 2022, Brown had not exhausted his administrative remedies as required by 18 U.S.C. § 3582. Docket No. 29 at 2. Brown did not respond to this contention in his reply.

The Court addresses each argument in part.

## II.    Legal Standard

Generally, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nevertheless, courts may "[r]educe the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) . . ." if "extraordinary and compelling reasons warrant such a reduction . . . and [] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id*., "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id*.

Under § 3553(a), "[t]he court, in determining the particular sentence to be imposed, shall consider: the nature and circumstances of the offense and the history and

characteristics of the defendant" as well as "the need for the sentence to be imposed – to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(a).

### III. Discussion

The Court finds that Brown's motion falls victim to § 3582(c)(1)(A)'s exhaustion requirement. That portion of the statute provides that a court cannot consider any modification to a defendant's sentence unless a motion for such modification is: 1) made by the Director of the Bureau of Prisons; or 2) made by a defendant who has waited 30 days after the warden's receipt of the request before filing a motion in federal court. *Id.* § 3582(c)(1)(A).

Here, there is no evidence demonstrating that the Director of the Bureau of Prisons requested a reduction in sentence on Brown's behalf. Nor is there evidence illustrating that Brown exhausted his administrative remedies by seeking relief from the warden prior to filing the present motion. In this Circuit, the exhaustion requirement is mandatory. *See United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) (holding that the plaintiff failed to exhaust his administrative remedies because he filed his motion for compassionate release before the warden received his request). Consequently, Brown's failure to satisfy that requirement prevents this Court from considering a modification to his sentence.

**IV.     Conclusion**

For the foregoing reasons, the *Motion for Compassionate Release* is denied without prejudice.

**SO ORDERED**, this the 10th day of April, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
